# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **JUDGMENT IN A CRIMINAL CASE** |
| ) | |
| v. ) | Case Number:   1:22-CR-0304-SCJ |
| ) | USM Number:   20326-510 |
| NAGAINDRA SRIVASTAV ) | |
| ) | Jason Mehta, Natalie Adams, Austin Asbury |
| ) | Defendant's Attorneys |

**THE DEFENDANT:**

The defendant pleaded guilty to count(s) 1 and 2.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 and 42 U.S.C. § 1320a-7b(b)(2)(A) | Conspiracy to Pay and Receive Kickbacks | October 2021 | 1 |
| 42 U.S.C. § 1320a-7b(b)(1)(A) | Solicitation or Receipt of Kickbacks | July 30, 2020 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

March 27, 2033
Date of Imposition of Judgment

*/s/ Steve C. Jones*
Signature of Judge

STEVE C. JONES, U. S. DISTRICT JUDGE
Name and Title of Judge

March 30, 2023
Date

DEFENDANT: NAGAINDRA SRIVASTAV
CASE NUMBER: 1:22-CR-0304-SCJ

Judgment -- Page **2** of **6**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **SIXTY (60) MONTHS as to Count 1 and ONE HUNDRED EIGHT (108) MONTHS as to Count 2, with terms to be served CONCURRENTLY for a total term of imprisonment of ONE HUNDRED EIGHT (108) MONTHS.**

The court makes the following recommendations to the Bureau of Prisons: that defendant be designated to FCC Coleman for service of sentence.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons: As notified by the United States Marshal, **on a date on or after July 24, 2023**.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____


Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: NAGAINDRA SRIVASTAV
CASE NUMBER: 1:22-CR-0304-SCJ

Judgment -- Page **3** of **6**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: **THREE (3) YEARS as to each of Counts 1 and 2, with terms to run CONCURRENTLY.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  NAGAINDRA SRIVASTAV  
CASE NUMBER:  1:22-CR-0304-SCJ                                                                                         Judgment -- Page **4** of **6**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____ Date _____

USPO's Signature _____ Date _____

DEFENDANT: NAGAINDRA SRIVASTAV
CASE NUMBER: 1:22-CR-0304-SCJ

Judgment -- Page 5 of 6

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must cooperate with the U.S. Probation Office in the monitoring of any computer system, Internet capable devices, and / or similar electronic devices that you have access. Cooperation includes, but is not limited to, identifying computer systems, Internet capable devices, and / or similar electronic devices (as defined in 18 U.S.C. § 1030(e)(1)) to which you have access and allowing the installation of monitoring software/hardware on said devices. You and/or your probation officer shall inform all parties that access a monitored computer or similar electronic device that the device is subject to search and monitoring. You may be limited to possessing only one personal Internet capable device to facilitate your probation officer's ability to effectively monitor your Internet related activities. You must not remove, tamper with, reverse engineer, or in any way circumvent installed software. You must provide passwords for said computer systems. If able, you must pay the cost of monitoring unless excused by the probation officer.

To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers, computer systems, Internet capable devices, and similar electronic devices (as defined in 18 U.S.C. § 1030(e)(1)) subject to monitoring. These searches shall be conducted for the purpose of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning properly after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information. The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You will make monthly payments toward any restitution that remains outstanding at the time of your release from imprisonment as directed by the United States Probation Officer.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

DEFENDANT: NAGAINDRA SRIVASTAV
CASE NUMBER: 1:22-CR-0304-SCJ

Judgment -- Page 6 of 6

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

Special Assessment

TOTAL    $200.00

Restitution

TOTAL    **$48,150,692.49 to Medicare**, jointly and severally with defendant Brian Tisdale, 1:22-cr-023-SCJ.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Name of Payee

Medicare
(for payments via USPS regular mail)
CMS
Division of Accounting Operations
P.O. Box 7520
Baltimore, MD 212207-0520

Medicare
(for payments via FedEx)
CMS Division of Accounting Operations
7500 Security Blvd.
Mailstop C3-11-03
Baltimore, MD 21244